E-FILED
Tuesday, 25 June, 2013 03:42:12 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ANTHONY WHEELER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 12-CV-2281 |
| | ) |
| DR. PAUL TALBOT, et al, | ) |
| | ) |
| Defendants. | ) |

**OPINION**

    This case is before the court following a merit review hearing held on March 27, 2013. At the merit review, this court took Plaintiff's pro se Full Amended Complaint (#28) under advisement. This court now rules that Plaintiff may proceed only on Counts 3 and 6 of his Amended Complaint. In addition, Count 2, which claims injuries based upon a soy diet, was previously stayed pending the conclusion of a class action case regarding this issue. This court concludes that Counts 1 and 5 must be dismissed for failing to state a claim. Plaintiff also cannot proceed on Count 4, which was dismissed by this court in an earlier order. Count 7 is dismissed because this court previously denied Plaintiff leave to add Count 7 and it fails to state a claim. This court further notes that it is only exercising supplemental jurisdiction over Plaintiff's attached state law complaint to the extent that it states a medical malpractice claim against Defendant Dr. Paul Talbot. Following these actions, the only defendants remaining are Talbot, Keith Anglin and Yolande Johnson. All of the other defendants are terminated as parties in this action.

BACKGROUND

On October 23, 2012, Plaintiff filed a pro se Complaint (#1) against Defendants, Dr. Paul Talbot, Keith Anglin, S.A. Godinez, Louis Shicker, Yolande Johnson, Kevin Gilson, Susann Griswold-Bailey, Marcia Keys, Jaclyn O'Day, D. Laker, Sherry Benton and Jackie Miller. In Count 1, Plaintiff alleged that double bunking and double celling at the Danville Correctional Center amounted to cruel and unusual punishment. In Count 2, Plaintiff alleged that the soy-based diet provided by the Danville Correctional Center resulted in a serious medical condition and that he has been denied a non-soy diet. In Count 3, Plaintiff alleged that Defendant Talbot has refused to provide medical treatment for two large, protruding keloid scars on his chest and groin area. In Count 4, Plaintiff alleged that the Danville Correctional Center was engaging in a longstanding, widespread and systematic practice of illegal profiteering and price gouging. In Count 5, Plaintiff alleged that Defendants Shicker and Talbot have been deliberately indifferent to his serious medical needs by refusing to provide treatment for an H. pylori bacterial infection. In Count 6, Plaintiff alleged that he was verbally assaulted for filing grievances and writing letters regarding his complaints. Plaintiff attached various exhibits to his pro se Complaint including a "State Law Complaint," copies of responses to his grievances, medical records and newspaper articles. This court notes that lab results Plaintiff provided show that he tested negative for H. pylori on April 29, 2011.

On November 15, 2012, this court held a merit review hearing. After discussing the case with Plaintiff, who appeared by video, this court stated that Plaintiff was allowed to

proceed on Counts 1, 3, 5 and 6 of his Complaint. Plaintiff was not allowed to proceed on Count 4, which did not state a cause of action. This court stated that Count 2 was stayed until the conclusion of a class action claim regarding soy diets that was being handled by Senior United States District Judge Harold A. Baker. This court further stated that Plaintiff was allowed until December 31, 2012, to amend his complaint to include specific allegations related to the Defendants named in the complaint.

On December 11, 2012, Plaintiff filed his Second Amended Complaint (#11) per order of this court. Plaintiff stated that Defendants Laker, Godinez, Benton, Gilson, Miller and O'Day systematically denied his grievances in violation of his constitutional rights. Plaintiff also filed numerous pro se motions related to his case.

On January 25, 2013, this court entered an Opinion (#27) and ruled on Plaintiff's pro se motions. This court first denied Plaintiff's request for leave to add Count 7 to his Complaint alleging that Defendants Laker, Godinez, Benton, Gilson, Miller and O'Day were liable for their failure to act in the face of known constitutional violations. This court concluded that these allegations did not state a separate cause of action against Defendants. This court also granted Plaintiff leave to amend his complaint to add a state law claim for medical malpractice against Dr. Talbot. This court stated that it would exercise supplemental jurisdiction over Plaintiff's medical malpractice claims against Dr. Talbot but declined to exercise supplemental jurisdiction over the State Law Complaint attached to Plaintiff's original pro se Complaint (#1). This court also denied Plaintiff's motions seeking a declaratory judgment and summary judgment. In addition, this court denied Plaintiff's

Motions for Appointment of an Expert Medical Witness and a Health Care Monitor and for appointment of counsel. This court also took Plaintiff's motions for injunctive relief under advisement.

On January 28, 2013, this case was scheduled for a merit review hearing. However, this court did not conduct a merit review. Instead, this court directed Plaintiff to consolidate his claims in an amended complaint. This court stated that a merit review hearing would be reset following the receipt of the amended complaint.

On January 31, 2013, Plaintiff filed his pro se Full Amended Complaint (#28). In Count 1, Plaintiff alleged that double bunking and double celling amounts to cruel and unusual punishment. In Count 2, Plaintiff alleged that his long-term consumption of a soy diet has greatly contributed to a myriad of medical problems. In Count 3, Plaintiff alleged that Defendant Talbot has refused to provide treatment for his two large protruding keloid scars, causing him constant, chronic and excruciating pain. In Count 4, Plaintiff alleged that the commissary at Danville is engaging in a systematic practice of illegal profiteering and price gouging. In Count 5, Plaintiff alleged that he was denied treatment for a bacterial infection known as H. pylori. In Count 6, Plaintiff alleged that Defendants Anglin and Johnson retaliated against him for filing grievances and complaint letters by verbally assaulting and threatening him. In Count 7, Plaintiff alleged that Defendants Laker, Godinez, Benton, Gilson, Miller and O'Day have violated his rights by denying his grievances. Plaintiff also attached a pro se State Law Tort Complaint. In this Complaint, Plaintiff alleged that Defendants Talbot and Shicker are liable for medical malpractice and

that other Defendants are liable under state law for intentional infliction of mental and emotional distress, for personal injury and for negligent supervision or training.

MERIT REVIEW

On March 27, 2013, a merit review hearing was held. This court again stated that Plaintiff's soy diet case was stayed. This court took the matter under advisement and now rules as follows.

Count 1 of Plaintiff's Amended Complaint (#28) is dismissed. The United States Supreme Court has held that housing two inmates in a single cell did not constitute cruel and unusual punishment prohibited by the Eighth Amendment. Rhodes v. Chapman, 452 U.S. 337, 347-52 (1981). Therefore, double bunking and double celling of inmates is not a per se violation of the Constitution. See Wilson v. Dart, 2012 WL 2905767, at *2 (N.D. Ill. 2012), citing Rhodes, 452 U.S. at 352; see also Bell v. Wolfish, 441 U.S. 520, 542 (1979) (there is not "some sort of 'one man, one cell' principle lurking in the Due Process Clause of the Fifth Amendment"); Smith v. Fairman, 690 F.2d 122, 125-26 (7th Cir. 1982); Elliott v. Baker, 2008 WL 4876871, at *3 (N.D. Ill. 2008). "Placing two or more inmates in a cell together is common institutional practice." Wilson, 2012 WL 2905767, at *2, citing Bell, 441 U.S. at 541-43. Therefore, general claims and legal conclusions regarding double celling are not sufficient to state a claim. See Wilson, 2012 WL 2905767, at *2.

Count 2 of Plaintiff's Amended Complaint (#28) remains stayed, for the reasons stated previously on the record. This court will allow Plaintiff to proceed on Count 3 of his Amended Complaint, his claim that Talbot was deliberately indifferent to his serious medical

need for treatment of his keloid scars. This court notes that it is somewhat skeptical of this claim. As this court noted in its previous Opinion (#27), an evidentiary hearing was held in the Southern District of Illinois regarding a similar claim made by Plaintiff in an earlier case. The district court in the Southern District stated that the evidence showed that Plaintiff "has been receiving regular medical care since his transfer to Danville Correctional Center." Wheeler v. Wexford Health Sources, Inc., 2012 WL 4952258, at *2 (S.D. Ill. 2012). The district court also found that Plaintiff has exaggerated his medical condition and "the evidence shows that the situation is not constant, as suggested." Wheeler, 2012 WL 4952258, at *2. However, this court concludes that Plaintiff has, at this stage of the proceedings, adequately alleged a claim against Defendant Talbot.

     This court concludes that it properly dismissed Count 4 at a prior merit review. Count 5 is also dismissed. Plaintiff continues to allege that he has been denied treatment for an H. pylori infection. As this court noted in its prior Opinion (#27), the document Plaintiff has attached to his filings in support of this claim shows that he tested negative for H. pylori on April 29, 2011. This court notes that Rule 10(c) of the Federal Rules of Civil Procedure "provides that 'written instruments' attached to a pleading become part of that pleading for all purposes." Williamson v. Curran, 714 F.3d 432, 435-36 (7th Cir. 2013), citing Fed R. Civ. P. 10(c). Therefore, this court may properly consider exhibits attached to a complaint in determining whether a claim should be dismissed. See Williamson, 714 F.3d at 436. Further, this court "is not bound to accept the pleader's allegations as to the effect of the exhibit, but can independently examine the document and form its own conclusions as to the

proper construction and meaning to be given the material." Burke v. 401 N. Wabash Venture, LLC, 714 F.3d 501, 505 (7th Cir. 2013), quoting Rosenblum v. Travelbyus.com Ltd., 229 F.3d 657, 661 (7th Cir. 2002). To the extent that an exhibit attached to or referenced by the complaint contradicts the complaint's allegations, the exhibit typically controls. Forrest v. Universal Sav. Bank, F.A., 507 F.3d 540, 542 (7th Cir. 2007). A "plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment." Centers v. Centennial Mortg., Inc., 398 F.3d 930, 933 (7th Cir. 2005); Bambenek v. Wright, 2007 WL 2914215, at *4 (C.D. Ill. 2007). In this case, the document Plaintiff attached to his Amended Complaint conclusively shows that he tested negative for H. pylori. Plaintiff has pleaded himself out of court by filing a document which shows that he does not have an H. pylori infection. Obviously, Plaintiff cannot succeed on a claim that he was denied treatment for a condition he does not have.

This court concludes that Plaintiff can proceed on Count 6 of his Amended Complaint which alleges that Defendants Anglin and Johnson retaliated against him for filing grievances and writing complaint letters, in violation of his First Amendment rights.

This court next concludes that Count 7 must be dismissed. This court denied Plaintiff leave to file Count 7, yet he included it in his pro se Full Amended Complaint (#28). In addition to being filed in violation of this court's ruling, it fails to state a claim. Plaintiff has alleged that Defendants violated his constitutional rights by denying his grievances, giving the same vague and "boilerplate" technical reasons for the denials. However, a plaintiff has

no constitutional right to have his grievances resolved in his favor. Bakr v. Walker, 2011 WL 884134, at *4 (S.D. Ill. 2011), citing Conyers v. Abitz, 416 F.3d 580, 586 (7th Cir. 2005); see also Bridges v. Gilbert, 557 F.3d 541, 555 (7th Cir. 2009) (prisoner's claim that his grievances were rejected based on technicalities did not state a claim and was properly dismissed).

As far as Plaintiff's attached State Law Tort Complaint, this court has already ruled that it would exercise supplemental jurisdiction over Plaintiff's medical malpractice claim against Dr. Talbot but would not exercise supplemental jurisdiction over Plaintiff's other state law claims. These claims are dismissed without prejudice.

IT IS THEREFORE ORDERED THAT:

(1) Counts 1, 4, 5 and 7 of Plaintiff's pro se Full Amended Complaint (#28) are dismissed for failure to state a claim.

(2) Count 2 of Plaintiff's Amended Complaint (#28) is stayed until the conclusion of a class action claim regarding soy diets being handled by Senior United States District Judge Harold A. Baker.

(3) Plaintiff may proceed on Count 3 against Defendant Dr. Paul Talbot and Count 6 against Defendants Keith Anglin and Yolande Johnson. All other named Defendants are terminated as parties to this action.

(4) This court exercises supplemental jurisdiction over Plaintiff's state law medical malpractice claim against Defendant Talbot. This court declines to exercise supplemental jurisdiction over all of Plaintiff's other state law claims. These claims are dismissed without prejudice and may be filed in state court.

(5) A Scheduling Order shall be entered directing service on Defendants Talbot, Anglin and Johnson and setting a Rule 16 conference date. A copy of this Opinion shall be served with the Amended Complaint and Scheduling Order. Defendants shall file an answer within the time prescribed by Local Rule and the answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be only to the issues and claims this court has allowed to proceed in this Opinion.

(6) This case remains scheduled for a status conference on June 28, 2013, at 1:30 p.m.

ENTERED this 25th day of June, 2013

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE