E-FILED
Wednesday, 29 January, 2014  01:10:38 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

_____

|  |  |  |
|---|---|---|
| ANTHONY WHEELER, | ) |  |
|  | ) |  |
| Plaintiff, | ) |  |
| v. | ) | **Case No. 12-CV-2281** |
|  | ) |  |
| DR. PAUL TALBOT, KEITH ANGLIN and | ) |  |
| YOLANDE JOHNSON, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

### OPINION

This case is before the court for ruling on the Motion to Dismiss (#65) filed by Defendant, Dr. Paul Talbot, and various pro se Motions filed by Plaintiff, Anthony Wheeler. Following a careful review of the pending Motions, this court rules as follows: (1) Defendant Talbot's Motion to Dismiss (#65) is GRANTED; (2) Plaintiff's Motion for Summary Judgment (#71) is DENIED; (3) Plaintiff's Motion for Partial Declaratory Judgment (#72) is DENIED; (4) Plaintiff's Fifth Motion for Appointment of Counsel and/or Third Motion for Appointment of Health Care Monitor and/or Third Motion for an Expert Medical Witness (#80) is DENIED; (5) Plaintiff's Motion for the Substitution of Parties (#83) is DENIED; (6) Plaintiff's First Motion Compelling Appearance and Issuance of Subpoena to Deponent (#84) is DENIED; (7) Plaintiff's First Motion for Depositions (#85) is DENIED; (8) Plaintiff's Motion for Initial Case Management Conference (#89) is DENIED; and (9) Plaintiff's Motion for Judgment on the Pleadings (#90) is DENIED. In addition, the pro se documents filed by Plaintiff on January 27, 2014 (#91, #92, #93) are STRICKEN.

BACKGROUND

On January 31, 2013, Plaintiff filed his pro se Amended Complaint (#28).  On June 25, 2013, United States District Court Judge Michael P. McCuskey entered an Opinion (#32). Judge McCuskey dismissed Counts 1, 4, 5 and 7 of Plaintiff's Amended Complaint for failure to state a claim.  Judge McCuskey stayed Count 2 until the conclusion of the soy diet case pending before this court.  Judge McCuskey determined that Plaintiff could proceed with Count 3 of the Amended Complaint, his deliberate indifference claim against Defendant Talbot regarding his keloid scars, and Count 6, his retaliation claim against Defendants Keith Anglin and Yolande Johnson.  All other Defendants were terminated as parties to this action. Judge McCuskey also stated that he was exercising supplemental jurisdiction over Plaintiff's state law claim of medical malpractice against Talbot but declined to exercise supplemental jurisdiction over all of Plaintiff's other state law claims.

On July 23, 2013, Judge McCuskey denied Plaintiff's Motion for Preliminary Injunction, finding no basis for injunctive relief in this case.  On October 16, 2013, Judge McCuskey granted Plaintiff's Motion for Leave to Appeal, and Plaintiff's appeal from the denial of his Motion for Preliminary Injunction remains pending in the Seventh Circuit Court of Appeals.

On December 11, 2013, this case was reassigned to United States District Judge Colin S. Bruce.  On December 12, 2013, Judge Bruce entered an Opinion (#64) which granted Talbot's Motion for Leave to File Motion to Dismiss, granted Plaintiff's Motion for Leave to Appeal in forma pauperis, and denied Plaintiff's Motion to Stay Proceedings Pending

2

Appeal.  On January 10, 2014, Judge Bruce entered a Text Order recusing himself in this case, and the case was assigned to this court.

## PENDING MOTIONS

## I.  MOTION TO DISMISS

On December 12, 2013, Defendant Talbot filed a Motion to Dismiss (#65) and Memorandum in Support (#66).  Talbot pointed out that Illinois law requires an affidavit certifying the merit of a malpractice claim, citing 735 Ill. Comp. Stat. 5/2-622 (West 2010).  Talbot further stated that Plaintiff failed to include the required affidavit.  Talbot asked this court to dismiss Plaintiff's state law medical malpractice claim without prejudice.  On January 3, 2014, Plaintiff filed a pro se Response and Objection to Defendant's Motion to Dismiss (#73).  Plaintiff asked this court to liberally construe his pro se Amended Complaint and deny the Motion to Dismiss.

The statute cited by Talbot provides:

> In any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice, the plaintiff's attorney *or the plaintiff, if the plaintiff is proceeding pro se*, shall file an affidavit, attached to the original and all copies of the complaint, declaring one of the following:
>
> 1. That the affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably

3

believes: (i) is knowledgeable in the relevant issues involved in the particular action; (ii) practices or has practiced within the last 6 years or teaches or has taught within the last 6 years in the same area of health care or medicine that is at issue in the particular action; and (iii) is qualified by experience or demonstrated competence in the subject of the case; that the reviewing health professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action.

735 Ill. Comp. Stat. 5/2-622(a)(1) (West 2010) (emphasis added).  The statute provides two other options: in the situation where the affiant was unable to obtain a consultation before the expiration of the statute of limitations, "the certificate and written report required by paragraph 1 shall be filed within 90 days after the filing of the complaint," 735 Ill. Comp. Stat. 5/2-622(a)(2); and, in the situation where the plaintiff or his attorney has made a request for records but the respondent has not complied within 60 days of receipt of the request, "the certificate and written report required by paragraph 1 shall be filed within 90 days following receipt of the requested records," 735 Ill. Comp. Stat. 5/2-622(a)(3).  The statute provides

4

that "failure to file a certificate required by this Section shall be grounds for dismissal under Section 2-619." 735 Ill. Comp. Stat. 5/2-622(g) (West 2010). However, a dismissal based on this statute may be without prejudice. *See McCastle v. Sheinkop*, 520 N.E.2d 293, 296 (Ill. 1987).

The statute expressly applies to plaintiffs who are proceeding pro se. Moreover, "a valid section 2-622 report is a statutory requirement for filing a medical malpractice action." *Christmas v. Dr. Donald W. Hugar, Ltd.*, 949 N.E.2d 675, 678 (Ill. App. Ct. 2011). The "underlying policy behind the statute is 'to reduce the number of frivolous suits that are filed and to eliminate such actions at an early stage, before the expenses of litigation have mounted.'" *Christmas*, 949 N.E.2d at 681, *quoting DeLuna v. St. Elizabeth's Hosp.*, 588 N.E.2d 1139, 1142 (Ill. 1992). This court therefore agrees that Plaintiff's state law medical malpractice claim must be dismissed for failure to file the required certificate. Accordingly, Talbot's Motion to Dismiss (#65) is GRANTED and Plaintiff's state law medical malpractice claim is dismissed without prejudice.

## II. MOTION FOR SUMMARY JUDGMENT

On December 31, 2014, Plaintiff filed a pro se document entitled Plaintiff's First Motion for Summary Judgment and Evidentiary Affidavits (#71). Plaintiff stated "Defendants in this cause are attempting to deliberately mislead this Honorable Court and otherwise derail this delicate phase of this judicial proceeding by [mistakenly] relying on 735 ILCS 5/2-622 (West 2010), and further asserting that this plaintiff failed to include an affidavit certifying the merit of his malpractice claim." Plaintiff then argued the Illinois

Supreme Court Rule 191(b) "clearly shields and protects this pro se, imprisoned plaintiff from such herein named requirement." Plaintiff argued that he was "totally unable to procure said affidavit from the herein named Defendants." Plaintiff also argued that "a plaintiff can bring both a constitutional deliberate indifference claim and a state law malpractice claim in the same federal court suit against state prison medical staff." Plaintiff then asked this court to grant his First Motion for Summary Judgment. Plaintiff attached his own affidavit which stated:

> 1.  That as a direct and proximate result of obvious security and the potential of threats, fraud, identity theft and the Anti Terrorist Act, this affiant is unable to secure an affidavit and/or written report from any of the herein named Defendant's or parties relevant to this cause or requirement as indicated by the Defendant's Counsel.

> 2.  That if called upon to testify, Louis Shicker, IDOC Medical Director could testify that keloids and H. [pylori][1] are serious medical conditions.

> 3.  That this affiant is and at all times material to this cause in the care, custody and [control] of the IDOC and as

---

[1] This court notes that Plaintiff's claim regarding failure to treat his H. pylori infection has been dismissed (because the records attached to Plaintiff's filings show that he tested negative for H. pylori on August 29, 2011).

such, said parties have [an] on-going duty, obligation and role

as his primary Health Care providers.

Plaintiff attached copies of documents related to the grievances he filed as well as medical records from the prison.  One of the documents is a July 16, 2012, letter from Shicker to Plaintiff which states that "keloids rarely cause pain and are usually only a matter of cosmetics.  Their treatment is usually therefore elective in nature."

On January 13, 2014, Defendant Talbot filed a Response to Plaintiff's Motion for Summary Judgment (#78).  Talbot stated that the document appeared to be a response to Talbot's Motion to Dismiss rather than a Motion for Summary Judgment.  Talbot took issue with Plaintiff's argument that Illinois Supreme Court Rule 191 excuses him from the obligation to comply with Section 2-622 of the Code of Civil Procedure.  Talbot argued that Rule 191 addresses Motions for Summary Judgment and Motions to Dismiss under Section 2-619 of the Code of Civil Procedure and "applies where a party is unable to obtain a material fact by affidavit and allows for either a continuance or additional discovery." Talbot argued that Rule 191 is inapplicable to a healing art malpractice affidavit.  Talbot also pointed out that Section 2-622 expressly applies to pro se plaintiffs.  Talbot again argued that Plaintiff failed to comply with the applicable statute regarding his pendent state law claim for medical malpractice so that the claim should be dismissed without prejudice.

On January 14, 2014, Defendants Anglin and Johnson filed their Response to Plaintiff's Motion for Summary Judgment (#81).  Defendants argued that Plaintiff provided no undisputed facts which would entitle him to summary judgment, so that his request for

summary judgment must be denied.

This court agrees that Plaintiff's Motion (#71) does not provide any basis for granting summary judgment in favor of Plaintiff. This court also agrees with Talbot that, to the extent that Plaintiff's Motion is another response to the Motion to Dismiss, Plaintiff has not shown that he has complied or is excused from complying with Section 2-622. Talbot is correct that Rule 191 has no application to this issue. This court further notes that Plaintiff's affidavit does not comply with the requirements of Section 2-622, which requires an attached written report from a health care professional stating "that there is a reasonable and meritorious cause" for filing the action. Plaintiff's assertion that Shicker could testify that keloids are a serious medical condition is, first, contradicted by Shicker's letter to Plaintiff and, second, not sufficient to meet the requirements of the statute. Accordingly, Plaintiff's Motion for Summary Judgment (#71) is DENIED.

### III.  MOTION FOR DECLARATORY JUDGMENT

On January 3, 2014, Plaintiff filed a pro se Motion for Partial Declaratory Judgment (#72). Plaintiff attached his affidavit, which was different from the affidavit attached to his Motion for Summary Judgment, but which discussed Talbot's Motion to Dismiss. On January 13, 2014, Talbot filed a Response to Plaintiff's Motion for a Partial Declaratory Judgment (#79). Talbot stated that Plaintiff's Motion gave "no indication of what right or rights he seeks the Court to declare." Talbot also argued that the authority cited by Plaintiff is inapplicable to this proceeding. Talbot asked that Plaintiff's Motion (#72) be denied. On January 14, 2014, Defendants Anglin and Johnson filed their Response to Plaintiff's Motion

for a Partial Declaratory Judgment (#82).  They noted that Plaintiff did not mention his retaliation claim against them in his motion and stated that "[i]t is unclear what relief Plaintiff is seeking other than a declaration that certain Defendant[s] violated his constitutional rights."  They argued that any such declaratory judgment at this stage would be "premature," and, to the extent that Plaintiff was seeking a declaratory judgment to control the actions of Defendants, this is barred by sovereign immunity.

This court is not entirely clear regarding the relief Plaintiff is seeking but concludes that Plaintiff has not provided any basis for granting a declaratory judgment in his favor. Plaintiff's Motion for Partial Declaratory Judgment (#72) is DENIED.

## IV.  MOTION FOR COUNSEL AND APPOINTMENT OF HEALTH CARE MONITOR OR EXPERT MEDICAL WITNESS

On January 14, 2014, Plaintiff filed a pro se document entitled Plaintiff's Fifth Motion for Appointment of Counsel and/or Third Motion for Appointment of Health Care Monitor and/or Third Motion for an Expert Medical Witness Instanter (#80).

Plaintiff stated that he has made efforts to obtain counsel to represent him and attached copies of letters from attorneys turning down his requests for representation. Plaintiff stated that the issues in this case involve "very complex and sensitive medical care" and "the presence of medical or other issues requiring expert testimony supports the appointment of counsel."  Plaintiff also requested the appointment of a health care monitor and/or an expert medical witness.  Plaintiff did not explain why a health care monitor is necessary in this case, but only argued that the court can appoint one.  In addition, Plaintiff

asked for an expert medical witness but then argued that no expert is necessary where a serious medical need "is so obvious that even a lay person would easily recognize the necessity of a doctor's attention."   Plaintiff then stated that no expert needs to tell a lay person that his numerous keloids are a serious medical condition.   Plaintiff also stated, however, that he needs a medical expert to show the seriousness of his medical condition.

On January 21, 2014, Defendant Talbot filed a Response (#86) and asked that Plaintiff's Motion (#80) be denied.   Talbot argued:

> Here, Plaintiff's claim for relief concerns failure to treat painful keloids on his body.   There is nothing particularly novel or complex about this and Plaintiff is able to testify to the effect of his medical condition upon him.   A keloid is a fairly simple medical condition that does not require a court-appointed expert to explain.   The purpose of Rule 706 [of the Federal Rule of Evidence] would not be served by appointing Plaintiff a court-appointed expert at this point in the proceeding.

This court agrees with Talbot that Plaintiff has not shown the need for appointment of counsel, a health care monitor or an expert medical witness in this case.   This court agrees with Judge McCuskey's previous ruling that "[i]t is too early in the case to make a determination whether Plaintiff's claims are sufficiently meritorious such that appointing counsel would make a difference."   Therefore, Plaintiff's Fifth Motion for Appointment of Counsel and/or Third Motion for Appointment of Health Care Monitor and/or Third Motion

10

for an Expert Medical Witness Instanter (#80) is DENIED.

## V.  SUBSTITUTION OF PARTIES

On January 17, 2014, Plaintiff filed a pro se Motion for Substitution of Parties (#83). Plaintiff stated that Defendant Yolande Johnson is no longer employed by the Illinois Department of Corrections (IDOC).  Plaintiff seems to be stating that her successor as deputy director should be automatically substituted as a party.  This court cannot agree.  Plaintiff has alleged that Johnson took retaliatory actions against him.  Therefore, Johnson remains the proper party even if she is no longer employed by the IDOC.  Plaintiff's Motion for Substitution of Parties (#83) is DENIED.

## VI.  MOTION TO COMPEL

On January 17, 2014, Plaintiff filed a pro se First Motion Compelling Appearance and Issuance of Subpoena to Deponent in Action Pending in the State (#84).  Citing Illinois Supreme Court Rule 204, Plaintiff asked that Louis Shicker, Agency Medical Director, and Talbot be ordered to produce and make available to Plaintiff and the court "any and all documents, reports, medical records, files, information, data, or other tangible things relating to the origin, treatment, protocol for treatment, written notes, and assessment" of Plaintiff's keloids.[2]  On January 21, 2014, Talbot filed a Response (#88).  Talbot pointed out that, because he is a party, Plaintiff can direct a request for production of documents under Rule 34 of the Federal Rules of Civil Procedure to Talbot without the necessity of issuing or

---

[2]  Plaintiff also asked for the same information regarding his H. pylori bacterial infection. As noted previously, this claim has been dismissed.

serving a subpoena. Talbot also stated that, to the extent Plaintiff seeks copies of his medical records, these records are equally available to Plaintiff at his current place of incarceration. In fact, this court notes that Plaintiff has attached medical records to many of his filings in the case.

This court concludes that Illinois Supreme Court Rule 204 has no application to this case and agrees that there is no need for the issuance of a subpoena at this time. Plaintiff's Motion (#84) is DENIED.

## VII. MOTION FOR DEPOSITIONS

On January 17, 2014, Plaintiff filed a pro se First Motion for Depositions (#85). Plaintiff cited to Illinois Supreme Court Rule 202 and asked to take the deposition of Louis Shicker and Talbot. On January 21, 2014, Talbot filed a Response (#87). Talbot stated that, as a pro se inmate, Plaintiff is generally limited to written discovery. He stated that Plaintiff's in forma pauperis status does not cover the costs of depositions, citing *Wallace v. Rojas*, 2010 WL 4555327 (C.D. Ill. 2010). Talbot then stated that, to the extent that Plaintiff can demonstrate that he has sufficient funds to pay the appearance fee of a court reporter and IDOC has no security objection to an inmate conducting a deposition, he would make himself available at a mutually agreeable time for deposition.

This court concludes that Illinois Supreme Court Rule 202 has no application to this case. Instead, "Plaintiff may utilize any of the discovery methods prescribed in the Federal Rules of Civil Procedure, subject to the same terms and conditions as any other civil litigant." *Wallace*, 2010 WL 4555327, at *1. "Plaintiff may submit his written interrogatories for the

Defendants to defense counsel." *Wallace*, 2010 WL 4555327, at *1, *citing* Fed. R. Civ. P. 33.  "Plaintiff may also submit requests for production of documents to defense counsel." *Wallace*, 2010 WL 4555327, at *1, *citing* Fed. R. Civ. P. 34.  However, this court "has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)." *Wallace*, 2010 WL 4555327, at *2.  This court notes that Talbot has agreed to be available for a deposition if Plaintiff has sufficient funds to pay the appearance fee of a court reporter and obtains the permission of IDOC.  Because Plaintiff is not entitled to the relief he is seeking, his First Motion for Depositions (#85) must be DENIED.

### VIII.  MOTION FOR INITIAL CASE MANAGEMENT CONFERENCE

On January 23, 2014, Plaintiff filed a pro se Motion for Initial Case Management Conference (#89).  Plaintiff's Motion (#89) is DENIED.  This court will enter an appropriate scheduling order in this case.

### IX.  MOTION FOR JUDGMENT ON THE PLEADINGS

On January 23, 2014, Plaintiff filed a pro se First Motion for Judgment on the Pleadings (#90).  Plaintiff again set out his objections to Talbot's Motion to Dismiss (#65) and asked this court to enter judgment on the pleadings in his favor.  This court has already granted Talbot's Motion to Dismiss, so there is no basis for granting Plaintiff's Motion for Judgment on the Pleadings.  Plaintiff's Motion (#90) is DENIED.

### X.  FILINGS OF JANUARY 27

On January 27, 2014, Plaintiff filed three pro se documents.  The first is entitled

13

"Verified Complaint" (#91).  However, the document is not a Complaint at all but instead sets out Plaintiff's disagreement with Judge McCuskey's Opinion (#32).  Because it is not a Complaint, it would be confusing to leave it on the docket as a "Verified Complaint." Accordingly, this document (#91) is STRICKEN.

Plaintiff also filed a pro se Motion for Preliminary Injunction (#92).  In this pro se Motion, Plaintiff is seeking the same relief he sought in his earlier Motion for Preliminary Injunction (#9).  Plaintiff's prior Motion was denied by Judge McCuskey and Plaintiff has appealed Judge McCuskey's decision to the Seventh Circuit Court of Appeals.  Generally speaking, once a notice of appeal is filed, a district court is divested of jurisdiction over those aspects of the case involved in the appeal.  *S & S Sales Corp. v. Marvin Lumber & Cedar Co.*, 457 F. Supp. 2d 903, 905 (E.D. Wis. 2006), *citing Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).  Because this issue is currently pending before the Seventh Circuit, this court does not have jurisdiction to decide the same issue.  Accordingly, Plaintiff's Motion for Preliminary Injunction (#92) is STRICKEN.

In addition, Plaintiff filed a pro se document entitled "Emergency Motion for a General Traverse" (#93).  This document appears to be yet another response to Talbot's Motion to Dismiss (#65).  This court has already ruled on the Motion to Dismiss, after carefully considering Plaintiff's response to the Motion.  Therefore, this misleadingly named document is also STRICKEN.

IT IS THEREFORE ORDERED THAT:

(1) Defendant Talbot's Motion to Dismiss (#65) is GRANTED and Plaintiff's state

14

law medical malpractice claim is dismissed without prejudice.

(2) Plaintiff's Motion for Summary Judgment (#71) is DENIED.

(3) Plaintiff's Motion for Partial Declaratory Judgment (#72) is DENIED.

(4) Plaintiff's Fifth Motion for Appointment of Counsel and/or Third Motion for Appointment of Health Care Monitor and/or Third Motion for an Expert Medical Witness (#80) is DENIED.

(5) Plaintiff's Motion for the Substitution of Parties (#83) is DENIED.

(6) Plaintiff's First Motion Compelling Appearance and Issuance of Subpoena to Deponent (#84) is DENIED.

(7) Plaintiff's First Motion for Depositions (#85) is DENIED.

(8) Plaintiff's Motion for Initial Case Management Conference (#89) is DENIED. This court will enter a Case Management Order in this case.

(9) Plaintiff's Motion for Judgment on the Pleadings (#90) is DENIED.

(10) Plaintiff's filings (#91, #92, #93) are hereby STRICKEN.

ENTERED this 29th day of January, 2014.


s/HAROLD A. BAKER
U.S. DISTRICT JUDGE